IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN SHAW, JR., | : | Civil No. 3:17-cv-2319 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN BALTAZAR, | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner Norman Shaw, Jr. ("Shaw"), a federal inmate incarcerated at the United States Penitentiary at Canaan ("USP-Canaan"), Waymart, Pennsylvania. (Doc. 1). Shaw seeks a *nunc pro tunc* designation to enable him to receive credit for time served in a county facility while on writ awaiting a federal trial. (Id. at p. 6).

The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.    Background**

Shaw was taken into federal custody on June 17, 2005, following the filing of a criminal complaint in the United States District Court for the District of Kansas charging him with bank robbery. (Doc. 10-1, Declaration of Correctional Program Specialist Patricia Kitka ("Kitka" Decl.), p. 1, ¶ 5). Shaw received a sentence of 165-months

imprisonment on July 17, 2006. (Id. at p. 2, ¶ 6). The Judgment was amended on July 20, 2006, to correct the spelling of Shaw's name. (Id.). Pursuant to the Federal Bureau of Prison's (BOP) computation formula, Shaw's sentenced commenced on July 17, 2006 and he was given prior custody credit from June 17, 2005, through July 17, 2006, with a Good Conduct Time release date of June 9, 2017. (Id. at p. 2, ¶ 7).

On July 10, 2013, Shaw was released to the custody of the United States Marshal's Service for purposes of transport to the United States District Court for the Central District of Illinois to answer federal charges of possession of a prohibited object, a narcotic drug by an inmate, while incarcerated at the Federal Correctional Institution at Pekin ("FCI-Pekin"), Illinois. (Id. at ¶¶ 8, 9). On August 21, 2014, The United States District Court for the Central District of Illinois imposed a sentence of 60 months imprisonment to run consecutive with the sentenced imposed in the United States District Court for the District of Kansas. (Id. at 10). Shaw was returned to FCI-Pekin on August 22, 2014, to continue service of his sentence. (Id.). In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) and 18 U.S.C. § 3585(a), the BOP calculated Shaw's aggregate sentences, commencing the 225-month sentence on July 17, 2006, and applying prior custody credit from June 17, 2005, through July 16, 2006, and taking into account earned and projected good conduct time. (Id. at 11). Shaw's projected release date is May 7, 2022. (Id.)

Shaw filed Administrative Remedy 919627-F1 at the institution level on October 26, 2017, "requesting nunc pro tunc credit." (Doc. 10-1, p. 109). The status code indicates the administrative remedy was "closed" at the institution level, which indicates a denial. (Doc. 10-1, Declaration of Attorney Advisor Michael Figgsganter ("Figgsganter Decl."), p. 37, ¶ 8). Shaw failed to appeal the denial. (Id.)

## II.  Discussion

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Respondent argues that the petition should be denied based on Shaw's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 10, pp. 5-7). Shaw counters that "[e]xhaustion of remedies is not required for 2241 when the agency's policy is established because it would be futile to Mr. Shaw." (Doc. 11, p. 5).

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the

opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. (Doc. 10-1, Figgsganter Decl. p. 36, ¶ 4, citing 28 C.F.R. §§ 542.10-542.19 (2005)). The system first requires that an inmate present their complaint to staff before filing a request for Administrative Remedy, which staff shall attempt to informally resolve. (Id., citing 28 C.F.R. § 542.13(a)). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date on which was the basis of complaint occurred. (Id., citing 28 C.F.R. § 542.14(a)). If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty

calendar days. (Id., citing 28 C.F.R. § 542.15(a)). The Regional Director has thirty calendar days to respond. (Id., citing 28 C.F.R. § 542.18.) Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. (Id., citing 28 C.F.R. § 542.15(a)). The General Counsel has forty calendar days to respond. (Id., citing 28 C.F.R. § 542.18).

It is undisputed that Shaw failed to exhaust his administrative remedies and there is nothing in the record that compels excusing exhaustion. He does not demonstrate futility by identifying BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would subject him to "irreparable injury." Consequently, the petition will be denied for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Shaw to invoke the judicial process despite failing to complete administrative review.

## III. Conclusion

Based on the foregoing, the Court will enter an appropriate Order denying the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

**Dated:** August 7 , 2019